**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| EDDIE LEE STEPHENS, JR., | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-04-4170 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner, Eddie Lee Stephens, seeks habeas corpus relief under 28 U.S.C. §§ 2241 and 2254. Stephens is confined at the Boyd Unit of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ-CID), serving a 24-year sentence for a conviction for aggravated robbery with a deadly weapon. Stephens does not attack the validity of his underlying conviction or sentence. Rather, he challenges a prison disciplinary hearing. Respondent has moved for summary judgment and filed the records of the disciplinary hearing and related grievance records. Based on a careful review of the pleadings, the motion for summary judgment, the record, and the applicable law, this court

grants the motion for summary judgment and by separate order enters final judgment. The reasons are set out below.

## I. Background

In Disciplinary Case Number 20040227227, Stephens was charged with the use or possession of tobacco products, a violation of the TDCJ-ID Disciplinary Rules and Procedures. Stephens received notice of the charge on April 13, 2004. A hearing was held on the following day. The disciplinary hearing officer found Stephens guilty. The punishment consisted of loss of commissary privileges for 30 days; 45 days of cell restriction; 15 days of solitary confinement; a reduction in line class, from S4 to L2; and a loss of 60 days of good-time credit. The loss of good-time credit was originally set at 180 days, but reduced after Stephens filed a step one grievance. The grievance was denied, and Stephens did not proceed to the second step of the grievance. He filed instead a second step one grievance, which was denied on the basis that it had been previously addressed in the earlier grievance. Stephens then filed a step two grievance, arguing that the first grievance had been an appeal of his disciplinary hearing and the second grievance a complaint about inappropriate staff conduct and actions relating to the offense report. The step two grievance was denied on the basis that it repeated the earlier grievance. In this suit, Stephens alleges that he was denied due process in the disciplinary hearing because there was insufficient evidence to support a finding of guilt; officers' statements were inconsistent and

contradictory; the offense report was initiated out of retaliation and harassment; and he received a harsher punishment than other inmates convicted of the same offense, amounting to discrimination.

## II. The Applicable Legal Standards

In *Wolff v. McDonnell*, 418 U.S. 539, 563–66 (1974), the Supreme Court held that the standards governing disciplinary proceedings depended on the sanction imposed and the consequences. *Walker v. Navarro County Jail*, 4 F.3d 410, 412 (5th Cir. 1993). A prisoner punished by solitary confinement and loss of good-time credits is entitled to: (1) written notice of the charges against him at least twenty-four hours before the hearing; (2) a written statement of the fact finders as to the evidence relied on and the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case. When the punishment has no effect on the length of the sentence, an inmate is entitled to some notice, an opportunity to present his view either in person or by written statement, and an informal nonadversarial review. *Hewitt v. Helms*, 459 U.S. 460 (1983).

In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that while a state may, under certain circumstances, create liberty interests applicable to prisoners protected by the Due Process Clause, such interests are generally limited to state-created regulations or statutes that affect the quantity, rather than the quality, of time served by a prisoner. The

Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse effect on a prisoner. *Id.* at 478. A prisoner's loss of good-time credits as a result of punishment for a disciplinary conviction, increasing the sentence beyond the time that would otherwise have resulted from state laws providing mandatory sentence reductions for good behavior, must be accompanied by certain procedural safeguards in order to satisfy due process. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

Although the record shows that Stephens has failed to exhaust his administrative remedies as to one of his claims, he did exhaust his administrative remedies as to the remaining claims. Accordingly, this court analyzes the claims on the merits.

**III.   Analysis**

To the extent that Stephens attempts to assert a claim of a denial of due process based on the loss of commissary privileges and the cell restriction and solitary confinement punishments he received, the law bars his claims. The Supreme Court held in *Sandin* that a prisoner who was placed in disciplinary segregation for thirty days, but received no discipline that inevitably affected the duration of his sentence, was not entitled to the due process protections set out in *Wolff* and *Hewitt*. The loss of commissary privileges for 30 days, 45 days of cell restrictions, and 15 days of solitary confinement did not change the length of Stephens's sentence and are not an "atypical and significant hardship on the inmate

4

in relation to the ordinary incidents of prison life" that gives rise to a due process claim. *Sandin*, 515 U.S. at 484, 486 n.9; *Madison*, 104 F.3d at 767–68.

Nor can Stephens base a due process claim on the reduction in line class. Such a reduction may diminish his ability to earn good-time credits, but that does not rise to a deprivation of a constitutionally-protected liberty interest. *Malchi v. Thaler*, 211 F.3d 953 (5th Cir. 2000); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996) ("the mere opportunity to earn good-time credits" does not constitute a "constitutionally cognizable liberty interest sufficient to trigger the protection of the due process clause").

Stephens did lose 60 days of good-time credit. This loss did not, however, affect his sentence because he was not eligible for release on mandatory supervision under the state in effect when he committed the underlying offense of aggravated robbery with a deadly weapon. As a result, he had no federally-protected right to release on mandatory supervision that was affected by the loss of good-time credits. *Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1995). Nor does Stephens present a valid due process claim based on any expectation of an earlier release on parole. There is no constitutional right to parole at a certain time under Texas law, and no due process claim for a delay in release on parole. *Madison v. Parker*, 104 F.3d 765 (5th Cir. 1997). Stephens's federal petition does not present grounds warranting habeas relief.

Even if this court examined Stephens's claims of insufficient evidence and lack of due process, he presents no basis for relief. The Supreme Court has held that prisoners are entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." *Wolff*, 418 U.S. at 557. Stephens does not dispute that he received written notice of the charges, an opportunity to call witnesses, to present documentary evidence, and to call and question the charging officer at the hearing. In the setting of prison disciplinary proceedings, due process requires that there be "*some* evidence to support the findings made in the disciplinary hearing." *Hill*, 472 U.S. at 454 (emphasis added). Determining the believability of the testimony presented at the hearing is left to the discretion of the hearing officer. *See Rabalais*, 659 F.2d at 545 (holding that "state prison officials enjoy wide discretion" in regards to a prison board's finding of guilt). In this case, the hearing officer, after listening to several witnesses and assessing their credibility, found that Stephens was guilty of the offense charged. This court may not assess the weight of the evidence in reviewing a prison disciplinary hearing. *See Hill*, 472 U.S. at 455–56. Rather, this court examines whether the guilty finding has "support of 'some facts' or 'any evidence at all.'" *Gibbs v. King,* 779 F.2d 1040, 1044 (5th Cir. 1986); *see also Smith v. Rabalais,* 659 F.2d 539, 545 (5th Cir. 1981).

In this case, the record reveals sufficient evidence to support the disciplinary conviction and provide the process that was due.  Stephens's claims  do not present a basis for the relief sought.

## IV.    Conclusion

Stephens's challenges to his disciplinary conviction lack merit.  Respondent's motion for summary judgment is granted.  Final judgment is entered by separate order.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right.  *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000)).  An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further.  *See Finley v. Johnson*, 243 F.3d 2150, 218 (5th Cir. 2001).  When a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong. *Slack*, 529 U.S. 484. This court will not issue a COA because Stephens has not made the necessary showing.

   SIGNED on December 27, 2005, at Houston, Texas.

              _____
                  Lee H. Rosenthal
                United States District Judge